FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Keycie Street | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 13 C 0091 |
| v. | ) | |
| | ) | |
| Thomas Dart, Sheriff of Cook County, *et al*. | ) | Judge Gottschall |
| | ) | |
| Defendant. | | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR JOINT
MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURUSANT TO FRCP 12(b)(6)**

Defendants Thomas Dart, Sheriff of Cook County and Dr. Connie Menella, by and through their attorney, ANITA ALVAREZ, Cook County State's Attorney, through her Assistant State's Attorney, Sandra Navarro on behalf of Sheriff Dart and Thomas Cargie on behalf of Dr. Menella, hereby submits this memorandum of law in support of their joint motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

**I. INTRODUCTION**

Plaintiff Keycie Street, appearing *pro se*, filed the instant complaint on January 4, 2013. Plaintiff brings this action pursuant to the Americans with Disabilities Act and the Rehabilitation Act, in which he claims that the conditions of his confinement while a pre-trial detainee in the custody of Cook County Department of Corrections ("CCDOC"), failed to accommodate his disabilities. Plaintiff names Sheriff Dart and Dr. Menella, along with another former doctor who worked at Cermak Health Services, a Mr. Martinez, who is identified as a "superintendent" and two unnamed officials at Cermak Health Center. As of this filing, service has been effected only as to Sheriff Dart and Dr. Menella, both of whom agreed to waive service.

Plaintiff complaint against Sheriff Dart and Dr. Menella should be dismissed pursuant to FRCP 12(b)(6) because Plaintiff, who was in custody at the time of the filing of the instant suit,

does not allege that he suffered any physical injuries as a result of the alleged violations of either the ADA or the Rehabilitation Act. Thus, under the Prisoner Litigation Reform Act, he is barred from bringing his claims. Moreover, with regard to Dr. Menella, the Seventh Circuit has held that there can be no individual liability for alleged violations of Title II of the ADA. This logic must also extend to the Rehabilitation Act as well given the purpose of that act. Thus, Dr. Menella, who is being sued in her individual capacity, must be dismissed with prejudice.

## II. FACTUAL ALLEGATIONS

As set forth in his complaint, on April 24, 2012, Plaintiff, who was a pre-trial detainee in the custody of the CCDOC and who was confined to a wheelchair, was housed in 3North in Cermak Health Services immediately upon his arrival at the CCDOC. He claims that the shower facilities in 3N were not accessible and that the unit was overcrowded so that he could not move around in the room.

Later, Plaintiff was assigned to Division II, Dorm 2, N-house. He claims that that dorm was overcrowded and that the one handicapped accessible toilet was inadequate for the number of wheelchair-bound detainees who were housed there. He also claims that there was not enough room between the beds to permit him access to his bunk while in his wheelchair and that there was not enough room at the table to permit him to eat there. Instead, he was forced to eat in hunched over in his wheelchair.

Plaintiff also complains that he is not permitted to work in the kitchen or in other areas of the jail, that there are barriers to the visiting room in Division II in that the floor on the way to the visiting room has cracks and bumps that cause him pain and make him apprehensive of being thrown from his chair.

### III. ARGUMENT

A.  **Standard of Review.**

In determining the propriety of dismissal under Rule 12(b)(6), a court must accept as true all well-pled factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. *Jacobs v. City of Chicago*, 215 F.3d 758, 765 (7th Cir. 2000). However, courts need not accept as true mere "legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002); *see also Northern Trust Co. v. Peters*, 69 F.3d 123, 129 (7th Cir. 1995). Bare legal conclusions attached to narrated facts will not suffice to state a claim for which relief may be granted. *Strauss v. City of Chicago*, 760 F.2d 765, 768 (7th Cir. 1985). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007), the court held that a claim for relief must contain sufficient facts to make the claim "plausible on its face[]" to survive a Rule 12(b)(6) challenge. *Id.* at 1974.

Plaintiff is filing this suit *pro se* and the allegations in *pro se* pleadings are to be construed liberally, applying a substantially less stringent standard than those applied to pleadings drafted by professional counsel. *Haines v. Kerner,* 404 U.S. 519, 520 (1972); *Kincaid v. Vail,* 969 F.2d 594, 598 (7th Cir. 1992). But even under the more lenient pleading standards as befit a *pro se* claimant, Plaintiff's complaint fails to set forth an actionable claim against either Sheriff Dart or Dr. Menella.

B.  **Plaintiff fails to allege that he suffered any physical injuries as a result of any alleged ADA or Rehabilitation Act violation; thus his claims are barred by the PLRA.**

This suit is barred by the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. § 1977e. The PLRA applies to individuals "detained in any facility who is accused of. . . violations of criminal law." *Witzke v. Femal*, 376 F.3d 744, 750 (7th Cir. 2004). The PLRA therefore controls

this lawsuit since Plaintiff was detained at the CCDOC at the time that he filed the instant complaint. *Id.* ("In determining whether a plaintiff is a 'prisoner confined in jail,' we must look to the status of the plaintiff at the time he brings his suit.").

The PLRA provides that no federal civil action may be brought by a prisoner "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e. Section 1997e(e) "limits the damages available to prisoners not only for constitutional torts, but for violations of federal statutes." *Koger v. Bryan*, 523 F.3d 789, 804 (7th Cir. 2008). Among the federal statutes to which the PLRA applies are the ADA and the Rehabilitation Act. *See Cassidy v. Indiana Dep't of Corrections, 199 F.3d 374, 375 (7th Cir. 2000)* (holding that § 1997e(e) of the PLRA barred an inmate's claims for damages for mental and emotional injuries under the Americans with Disabilities and Rehabilitation Act). In *Cassidy*, a blind inmate sued under the ADA because the facility denied him access to services. The Seventh Circuit held for the Department of Corrections, noting §1997e(e) "unambiguously states that 'No Federal civil action' shall be brought for mental or emotional damages without a prior showing of physical injury." *Id.* at 378. Lacking a physical injury that violated the PLRA, the court refused to "carve out exceptions for which Congress did not provide." *Id.*

In his complaint, the only "injuries" about which Plaintiff here complains are the pain and fear that he experienced when his wheelchair traveled over the cracked floor on the way to the visiting area in Division II, Dorm 2. But that sort of anxiety is precisely the type of emotional injury that the PLRA bars prisoners from seeking to remedy. *Cannon v. Burkybile*, 2000 U.S. Dist. LEXIS 14139 at *19 (slip op. Sept. 25, 2000, Hart J.) (holding that "allegations that [a prisoner] suffered headaches, insomnia, stress, and stomach anxiety do not sufficiently meet the physical injury requirement under of 42 U.S.C. § 1997e(e) and thus the claim should be

4

dismissed pursuant to FRCP 12(b)(6)"). Thus, Plaintiff's complaint should also be dismissed pursuant to FRCP 12(b)(6).

**C.     There is no individual liability under either the ADA or the Rehabilitation Act; thus, Dr. Menella, who is being sued in her individual capacity should be dismissed with prejudice pursuant to FRCP 12(b)(6).**

Plaintiff brings this action under Title II of the ADA. That title forbids disability-based discrimination by "any public entity." In *Walker v. Snyder*, 213 F.3d 344 (7th Cir. 2001) overruled on other grounds in *Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356 (2001), the Seventh Circuit expressly noted that since Title II of the ADA was an action against a public entity, there could be no individual liability. That same rule applies to section 504 of the Rehabilitation Act. *See Simenson v. Hoffman*, 1995 U.S. Dist. LEXIS 15777 (N.D. Ill. 1995 (Harte, J.) (holding that "individual liability is also prohibited under the Rehabilitation Act"); *see also Dent v. City of Chi.*, 2003 U.S. Dist. LEXIS 13417 (N.D. Ill. 2003 (Zagle, J.) citing *EEOC v. AIC Security Investigations, Ltd.*, 55 F.3d 1276, 1279-82 (7th Cir. 1995) (observing that "the law is well-settled that there is no individual liability under . . . the ADA [and] the Rehabilitation Act. . . ."). Since Dr. Menella cannot be held individually liable for the alleged violations of either the ADA or the Rehabilitation Act, she should be dismissed from this suit with prejudice pursuant to FRCP 12(b)(6).

## VI. CONCLUSION

WHEREFORE, for the above and foregoing reasons, Defendants Sheriff Thomas Dart and Dr. Connie Menella respectfully requests that Plaintiff's claims against them be dismissed in their entirety, with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6).

| | |
|---|---|
| ANITA ALVAREZ | ANITA ALVAREZ |
| State's Attorney of Cook County | State's Attorney of Cook County |
| By: /s/ Thomas Cargie | By: /s/ Sandra Navarro |
| Thomas Cargie, #620034 | Sandra Navarro, #6270337 |
| Assistant State's Attorney | Cook County State's Attorney |
| 69 W. Washington, Suite 2030 | 500 Richard J. Daley Center |
| Chicago, IL 60602 | Chicago, IL 60602 |
| (312) 603-1426 | (312) 603-6189 |
| *Attorney for Defendant Dr. Connie Menella* | *Attorney for Defendant Sheriff Dart* |

### CERTIFICATE OF SERVICE

I, Thomas Cargie, Assistant State's Attorney, certify that I electronically filed the above **DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR JOINT MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURUSANT TO FRCP 12(b)(6)**, with the Clerk of the Court via the CM/ECF system, caused it to be served upon Plaintiff at the address below via U.S. Mail, posted on April 5, 2013, before 5:00 p.m. and caused it to be served upon the other Defendant by electronic service via CM/ECF on April 5, 2013.

Keycie Street
2012-0423098
CCDOC
2600 South California Avenue
Chicago, Illinois 60608

/s/ Thomas Cargie