# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 0091 | **DATE** | June 3, 2013 |
| **CASE TITLE** | Keycie Street (#2012-0423098) vs. Dart, et al. | | |

**DOCKET ENTRY TEXT**

Defendants' motion to dismiss [17] is denied. Defendants' responsive pleadings are to be filed within 14 days of this order. A status hearing is scheduled for 6/25/2013 at 9:30AM.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, Keycie Street, a pretrial detainee at Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Presently before the Court is Defendants Thomas Dart's and Dr. Menella's motion to dismiss.

It is well established that *pro se* complaints are to be liberally construed. *Kaba v. Stepp*, 458 F.3d 678, 681, 687 (7th Cir. 2006). *Pro se* submissions are held to a less stringent standard than formal pleadings drafted by lawyers. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008).

To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), the plaintiff must only state his basic legal claim and provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004). In addition, when considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court assumes all factual allegations in the complaint to be true, viewing all facts–as well as any inferences reasonably drawn therefrom–in the light most favorable to the plaintiff. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010); *Bell Atlantic Corp.,* 550 U.S. at 563 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)). A well-pleaded complaint may proceed even if it appears "that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp.*, 550 U.S. at 556.

Nevertheless, the factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp.*, 550 U.S. at 555. While a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). "The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)).

Plaintiff, who is wheelchair-bound, alleges that on April 24, 2012, he was assigned to Division 8, 3 North of the Cermak Health Unit. The unit is not wheelchair accessible and was overcrowded. At times, Plaintiff's cell included 7 to 8 detainees, 4 wheelchairs, and six beds. On October 19, 2012, Plaintiff fell in the shower due to the lack

**STATEMENT**

of hand rail for handicapped detainees. Plaintiff asked Dr. Bonaparte for rehabilitation and therapy after the fall to no avail.

At some point, Plaintiff was moved to Division 2, Dorm 2, N-House. This unit was also not wheelchair accessible but there were ten or more detainees with wheelchairs in the unit. The unit had only one wheelchair accessible toilet for 20 wheelchair-bound detainees. Plaintiff's wheelchair could not fit between the beds so he was unable to get into bed unless another detainee helped him. The tables for dining were also not wheelchair accessible so Plaintiff was required to eat, hunched over, in his chair.

Plaintiff alleges that all of the Defendants had personal knowledge that the units were being used to house wheelchair-bound detainees but the units were not wheelchair accessible.

The Defendants argue that Plaintiff's suit is barred by the Prison Litigation Reform Act (PLRA) because he has not alleged any physical injuries.

An individual confined in jail cannot obtain compensatory damages without proving a physical injury. 42 U.S.C. § 1997e(e). However, "physical injury . . . is not a filing prerequisite for the federal civil action itself," as the individual can still obtain nominal and punitive damages. *Calhoun v. DeTella*, 319 F.3d 936, 940 (7th Cir. 2003). Thus, Section 1997e(e) does not bar Plaintiff from seeking nominal or punitive damages (if available). *See Washington v. Hively*, 695 F.3d 641, 644 (7th Cir. 2012); *Thomas v. State of Ill.*, 697 F.3d 612, 614 (7th Cir. 2012).

Dr. Menella also argues that she should be dismissed because she cannot be held individually liable for the alleged violations of the American with Disabilities Act or the Rehabilitation Act. *See Silk v. City of Chicago*, 194 F.3d 788, 797 n.5 (7th Cir. 1999) (ADA does not provide for individual liability). However, Plaintiff's allegations also allege a deliberate indifference to serious medical needs claim pursuant to Section 1983. Plaintiff may proceed on this claim against Dr. Menella in her individual capacity.

Based on the above, the Defendants' motions to dismiss is denied.